UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br>    Plaintiff,<br>  v.<br>GUTIERREZ,<br>    Defendant. | Case No. 11-cr-00108-SI-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Re: Dkt. Nos. 105, 109 |

Before the Court is defendant Joseph Gutierrez's motion for early termination of supervised release. Dkt. No. 105. On July 2, 2021, the Court heard oral argument on defendant's motion. The government was represented by Cynthia Stier. Mr. Gutierrez was represented by Candis Mitchell and law student advocate Donovan Hicks, supervised by Ron Tyler and Suzanne Luban. For the reasons set forth below, the Court **DENIES** defendant's motion a this time.

**BACKGROUND**

On February 1, 2012, the Court sentenced defendant to four years imprisonment and five years of supervised release after defendant pled guilty to one count of possession with intent to distribute methamphetamine and one count of possession of a firearm in furtherance of a drug trafficking crime. Dkt. No. 73. In April 2019, defendant was released from custody and enrolled in the San Francisco Court Entry Program ("SF Program"). Dkt. No. 105-1, Ex. E. On September 24, 2020, defendant graduated from the SF Program. Dkt. 105-1, Ex. C. On August 20, 2020, the Court granted the government's motion to reduce defendant's term of supervised release by one year. Dkt. No. 104. Defendant's term of supervised release is currently scheduled to expire on July 18, 2023. *Id*.

On May 7, 2021, defendant filed a motion for early termination of supervised release. Dkt. No. 105. On May 17, 2021, the government filed an opposition. Dkt. No. 107. On May 28, 2021, defendant filed a reply. Dkt. No. 108.

**LEGAL STANDARD**

18 U.S.C. 3583(e)(1) provides that a court may, under factors set forth in 18 U.S.C. § 3553(a) "terminate a term of supervised release … at any time after the expiration of one year of supervised release … if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e) (1). When determining whether the defendant's conduct and the interest of justice warrant early termination of supervised release, the court "enjoys discretion to consider a wide range of circumstances." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). The burden is on the defendant, as the party receiving the benefit of early termination, to demonstrate that early termination is warranted. *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

**DISCUSSION**

Defendant argues his conduct since graduation from the SF program warrants early termination of supervised release. Dkt. No. 105 at 4, 6-11. Defendant is a fields operations manager for the Clutch Moving Company, member of the local business community, participant of Stanford Criminal Defense Clinic's Social Work Collaborative to continue his drug recovery, and a supportive partner to his family. Dkt. No. 105 at 3, 6, 10. The government argues early termination of supervised release is not warranted given defendant's history of drug use and drug-related convictions. Dkt. No. 109 at 2.

After considering the parties' arguments, the Court finds early termination to be unwarranted at this time. The Court commends defendant for his behavior, but finds defendant's motion to be premature given the Court's reduction of defendant's supervised release on August 20, 2020. Moreover, during oral argument, defendant represented that his current success is the result of

supervision.

Accordingly, defendant's motion for early termination of supervision is **DENIED** at this time, without prejudice to renewal. If defendant's good behavior continues until December 2021, the Court will look favorably on a further motion for early termination of supervised release.

**IT IS SO ORDERED**.

Dated: July 7, 2021

SUSAN ILLSTON
United States District Judge